THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BOBBI FLANIGAN                                                                                    PLAINTIFF

v.                                              CIVIL NO. 21-3049

KILOLO KIJAKAZI,[1] Acting Commissioner                                             DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Bobbi Flannigan brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her applications for DIB and SSI on September 20, 2016, and on April 5, 2017, respectively, alleging an inability to work since December 15, 2015, due to: neck and shoulder problems, cervical degenerative disc disease, a rotator cuff problem in her right shoulder, fibromyalgia, joint pain, nerve pain and nerve damage all over her body, back pain,

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

bilateral leg numbness, left foot drop, anxiety, depression, tremors, back problems, scoliosis, right arm problems, and carpal tunnel in the right hand. (Tr. 11, 313). An administrative hearing was held on November 15, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 57–103). A vocational expert (VE), and Plaintiff's neighbor, Carl Austin Bowen, also testified at this hearing. (Tr. 58).

On March 26, 2019, the ALJ issued an unfavorable decision. (Tr. 8–33). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: disorder of the back, carpal tunnel syndrome, fibromyalgia, anxiety, and depression. (Tr. 14). However, after reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14–15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb, balance, crawl, kneel, stoop and crouch; frequently finger and handle and frequently reach overhead bilaterally. The claimant is limited to simple routine, repetitive tasks in a setting where interpersonal contact is incidental to the work required and she can respond to supervision that is simple, direct and concrete.
> (Tr. 16–24).

With the help of a VE, the ALJ determined that Plaintiff would be unable to perform any of her past relevant work but would be able to perform the representative occupations of small products assembler, document preparer, and copy preparer. (Tr. 24–25). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from December 15, 2015, through the date of his decision. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which was denied on November 25, 2019. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No.

2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36 (b). (ECF Nos. 11, 15). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

3

techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

**III.   Discussion**

Plaintiff raises only one issue on appeal: whether the decision was based upon substantial evidence due to a failure by the ALJ to fully and fairly develop the record. (ECF No. 11). More specifically, Plaintiff contends the ALJ erred in affording great weight to the opinions of consultative examiner, Dr. Robert Karas, and state agency physician, Dr. Denise Greenwood. Defendant argues the ALJ properly evaluated the medical opinion evidence, and further development of the record was not necessary. (ECF No. 15).

Plaintiff argues the ALJ committed reversible error when he gave substantial weight to Dr. Karas' opinion, as page five of his report reflects "no x-rays" which Plaintiff asserts is an indication that Dr. Karas had not reviewed the medical evidence of record (vitally, the X-rays of Plaintiff's cervical spine and the MRI of her lumbar spine) and that this failure to provide Dr. Karas with the

4

necessary background information rendered his opinion of little to no value. (ECF No. 11). Plaintiff objects to Dr. Karas' finding of degenerative disc disease, without specifying whether he meant cervical or lumbar degenerative disc disease, as overly vague. Plaintiff also argues Dr. Karas opinion was outdated as it was offered three months before a cervical MRI performed on August 30, 2017, which revealed significant objective findings consistent with Plaintiff's complaints of radiating pain to her upper extremities. (ECF No. 11, p. 5). Plaintiff argues that the ALJ also erred in affording great weight to Dr. Greenwood, not only as the ALJ may not rely solely upon the opinion of a nontreating, non-examining physician to deny benefits but also because Dr. Greenwood's opinion relied upon Dr. Karas' opinion, and directly and materially contradicted the medical evidence of record. Specifically, Plaintiff objected to Dr. Greenwood's opinion that Plaintiff had cervical degenerative disc disease without evidence of radiculopathy, despite the MRI findings of cord impingement and multilevel stenosis, as well as treatment records from her treating physicians who diagnosed her with and treated her for cervical radiculopathy.

  The Commissioner argues that Plaintiff reads Dr. Karas opinion incorrectly and that his notation of "no xrays" simply meant that he had not ordered any, not that he had not reviewed the imaging Plaintiff had already undergone. (ECF No. 15, p. 4).  The Commissioner asserts that Dr. Karas' opinion included several pages summarizing Plaintiff's medical history including reference to a 2016 MRI study and offers this as proof that Dr. Karas was provided with necessary background information about Plaintiff's condition. However, a careful review of Dr. Karas opinion does not reveal any assertion on his part that he had reviewed her medical records or analyzed any of the X-rays or MRIs in her medical record. In fact, the page referenced by the Commissioner appears to be notations of Plaintiff's report of her medical history and does not contain reference to any of the X-rays she had undergone.  (Tr. 680). Dr. Karas opinion is vague,

and as Plaintiff points out certainly could not have taken into consideration her later cervical MRI which supported her subjective complaints of radiating pain in her upper extremities. We held in *Wildman v. Astrue*, 596 F.3d 959 (8th Cir. 2010), that a medical opinion was conclusory, and therefore properly discounted, when it consisted "of three checklist forms, cite[d] no medical evidence, and provide[d] little to no elaboration." *Id*. at 964.  Similarly, an ALJ in *Thomas v. Berryhill*, 881 F.3d 672 (8th Cir. 2018), did not err in giving little weight to an assessment that consisted of "nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the blank responses." *Id*. at 675.  Such forms, we explained, "provide little to no elaboration, and so they possess 'little evidentiary value.'" *Id*. (*quoting Toland v. Colvin*, 761 F.3d 931, 937 (8th Cir. 2014)). Dr. Karas opinion was vague, cited no medical evidence, and provided no elaboration as to his reasoning behind the limitations opined. As such, it had little evidentiary value and this case required a different piece of opinion evidence to fully and fairly develop the record.

      The Commissioner argues that Dr. Greenwood's opinion offered on December 5, 2017, was substantial evidence as Dr. Greenwood based her opinion on all of the evidence, provided a supporting explanation, and her assessment was generally consistent with the other evidence. (ECF No. 15, p. 5).  While Dr. Greenwood did have the opportunity to review Plaintiff's medical records, including the records from Plaintiff's cervical MRI in August of 2017, she curiously found that Plaintiff's medically determinable impairments did not include cervical radiculopathy, despite numerous treatment notes from Plaintiff's treating physicians diagnosing her with and treating her for cervical radiculopathy. (Tr. 416, 492–95, 575, 1048–51, 1100, 1201–1204, 1399, 1155–57, 1797–1801, 1744–45, 1864–65, 1924–25, 1943).  This is particularly troubling as Plaintiff continued to have cervical radiculopathy, and indeed it was being treated as her primary problem,

through September of 2018. (Tr. 1943). As it is unclear from Dr. Greenwood's assessment why she chose to discount or ignore Plaintiff's treating physicians repeated findings that Plaintiff suffered from cervical radiculopathy, this issue requires further development.

While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base her opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); and *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision).

The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC. On remand, the ALJ is directed to obtain RFC assessments from the Plaintiff's treating physicians, allowing the treating physicians the opportunity to provide an explanation for the limitations assigned should the ALJ have questions. If those physicians are unwilling or otherwise unable to complete the RFC assessments, then the ALJ is directed to order a consultative examination, complete with a detailed RFC assessment of the Plaintiff's limitations. The ALJ should then reassess the Plaintiff's RFC, taking into account all of her impairments, and conduct a thorough step five analysis.

## V. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of July 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE